COMMONWEALTH *vs.* DANE ENTERTAINMENT
SERVICES, INC. (No. 2).

Suffolk.  April 6, 1983. — August 15, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Obscenity,* Community standard, Expert testimony.  *Witness,* Expert.

At a trial of a complaint charging the defendant with possessing an obscene
   film with intent to disseminate it, the judge improperly excluded prof-
   fered testimony of the defendant's expert witness with respect to com-
   munity standards, where the witness's testimony on voir dire had
   established that he was an expert on erotic art and was familiar with
   contemporary erotic materials in the Commonwealth. [918-919]
   ABRAMS, J., concurring.

COMPLAINT received and sworn to in the Chelsea Division
of the District Court Department on March 4, 1981.

In the jury session of the Boston Municipal Court Depart-
ment the case was tried before *Mulligan,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Lee Carl Bromberg (Freda Fishman* with him) for the de-
fendant.

*Patrick J. Roache,* Assistant District Attorney, for the
Commonwealth.

HENNESSEY, C.J.  The defendant was convicted by a jury
of possessing an obscene film, "Oriental Blue," with intent
to disseminate it, and fined $5,000.[1] Most of the defendant's

---

[1] At the time of the defendant's trial, G. L. c. 272, § 29, as appearing in
St. 1974, c. 430, § 9, provided:  "Whoever disseminates any matter which
is obscene, knowing it to be obscene, or whoever has in his possession any
matter which is obscene, knowing it to be obscene, with the intent to dis-
seminate the same, shall be punished by . . . a fine of not less than one
hundred dollars nor more than five thousand dollars . . . ."

The statute was rewritten by St. 1982, c. 603, § 3, to provide for "a fine
of not less than one thousand nor more than ten thousand dollars for the

assertions of error are, in substance and reasoning, similar to those raised unsuccessfully in *Commonwealth* v. *United Books, Inc., ante* 888 (1983), and *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1), ante* 902 (1983). On the one remaining issue of merit, we conclude that the defendant must have a new trial because the judge improperly excluded the testimony of the defendant's expert witness about community standards.

In *Commonwealth* v. *United Books, Inc., supra* at 895-896, we discussed at length the importance of expert testimony to the defense in an obscenity case, and the closer scrutiny we bring to rulings excluding such testimony. We concluded that the defendant's expert, Professor Charles Blinderman, was qualified to give an opinion about the artistic and literary value of the film. We expressed no opinion about his qualifications to testify about community standards.

In the instant case, the defendant also offered Professor Blinderman to testify about both artistic value and community standards. The judge ruled that Professor Blinderman was qualified to testify as an expert about literary and artistic value, but not about community standards. Professor Blinderman's testimony on voir dire was virtually identical to that outlined in *Commonwealth* v. *United Books, Inc., supra* at 894-896. His testimony established that he was an expert on erotic art, and was familiar with contemporary erotic materials in the Commonwealth. In this connection, we note that the inferences he could properly draw from the materials he viewed in preparation for his testimony depended on his superior background. Moreover, he testified that he had "been looking at such material for the course" in erotic art he taught for five years at Clark University. Based on his testimony on voir dire, and applying our stricter scrutiny, we conclude that it was error to exclude Professor Blinderman's testimony about community standards.[2]

first offense, not less than five thousand nor more than twenty thousand dollars for the second offense, or not less than ten thousand nor more than thirty thousand dollars for the third and subsequent offenses."

[2] Professor Blinderman's proffered testimony contrasts with that of Donald Willcox in *Commonwealth* v. *Dane Entertainment Servs., Inc.*

One other point is worthy of mention. The defendant requested that the judge instruct the jury that persons may possess even the most blatantly obscene material in their own homes. That principle is irrelevant to this case, where the defendant was charged with showing an obscene film in a public theatre. "[I]t is unavailing to compare a theater open to the public for a fee, with the private home of *Stanley* v. *Georgia*, 394 U.S. [557,] 568 [1969]." *Paris Adult Theatre I* v. *Slaton*, 413 U.S. 49, 65 (1973). See also *Commonwealth* v. *Walter*, 388 Mass. 460, 464-465 (1983).

> *Judgment reversed.*
>
> *Verdict set aside.*

ABRAMS, J. (concurring). I adhere to the views expressed in my dissent in *Commonwealth* v. *Trainor*, 374 Mass. 796, 807-811 (1978). Accepting the fact that my views did not prevail, I concur in this opinion.

---

*(No. 1), supra* at 910-912. Professor Blinderman was offered to give an expert opinion about community attitudes toward the depiction of sexual conduct in "Oriental Blue." Thus, the defendant had to establish that Professor Blinderman was qualified to render such an opinion, but did not have to lay the two-part foundation required to establish the probative value of comparison evidence, such as that proffered by Willcox.