COMMONWEALTH vs. DANE ENTERTAINMENT SERVICES, INC. (No. 2).

Suffolk. December 4, 1985. — March 31, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Obscenity,* Expert testimony, Community standard. *Due Process of Law,* Selective prosecution. *Search and Seizure,* Motion picture film.

At the trial of a complaint charging possession of obscene material, a motion picture film, with intent to disseminate it, any error in the exclusion of a defense expert witness's answer to a repetitive question calling for a comparison between the defendant's film and other films could not have prejudiced the defendant. [202-203]

The defendant in an obscenity case made no factual showing in support of its claim that the law was being selectively enforced. [203]

The record in an obscenity case did not support the defendant's claim that police officers, before preparing an application for a search warrant, had wrongfully entered the defendant's theatre to view a film. [203-204]

Although the jury in an obscenity case should have been instructed to apply community standards as of the time of possession or dissemination of the allegedly obscene matter, there was no prejudicial error in an instruction that they apply community standards of "today," in the absence of any showing that those standards had changed adversely to the defendant during the three-year period between the time of the alleged offense and the time of trial. [204-205]

LIACOS, J., & ABRAMS, J., dissenting.

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on March 4, 1981.

After the decision of this court in 389 Mass. 917 (1983), the case was retried in the jury session of the Boston Municipal Court Department before *J. Peter Donovan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Lee Carl Bromberg (Benjamin J. Naitove* with him) for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The propriety of a conviction of the defendant for possessing an obscene film, "Oriental Blue," with intent to disseminate it has a return engagement before this court. In *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 2),* 389 Mass. 917 (1983), we reversed an earlier conviction because of the prejudicial exclusion of expert testimony concerning contemporary community standards. After a new trial, the defendant was again convicted and has appealed. Because the appeal raises several issues also presented in *Commonwealth* v. *Dane Entertainment Servs., Inc.,* 19 Mass. App. Ct. 573 (1985), on which we had granted further appellate review, we transferred this appeal here on our own motion. We affirm the conviction. We deal first with the issue that is unique to this appeal and then consider those issues that are the same, or substantially the same, as some presented in *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1), ante* 197 (1986).

1. The defendant first objects to the exclusion of evidence from his expert witness. Professor Charles Blinderman appeared once again on behalf of the defendant and was qualified as an expert on artistic and literary values and on contemporary community standards. He testified in effect that "Oriental Blue" was not offensive when measured against contemporary standards in Massachusetts. He said other films contain the same kind of sexually explicit scenes. In response to a question whether in any scene the depiction of sexual conduct in "Oriental Blue" went beyond the limits established by certain works of literature or other films, he testified that he found "nothing in Oriental Blue that you don't find in other materials." The Commonwealth objected, and the judge struck the answer on the ground that the witness was not qualified to give an opinion concerning the offensiveness of "Oriental Blue" relative to other sexually explicit films. The answer, of course, added nothing to what the witness had already said.

An expert qualified on contemporary community standards should in general be allowed to state the basis for his opinion that a film is not obscene, even if in doing so he draws com-

parisons to other films. The situation is different where the defense seeks to make comparisons through the testimony of a nonexpert investigator. See *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1)*, 389 Mass. 902, 912-915 (1983). Of course, testimony and expert opinion that other films are similar in their depiction of sexual conduct (and in other respects) should not aid a defendant unless, at some point in the trial, there is evidence showing that the other films enjoy a "reasonable degree of community acceptance." *Id.* at 912-913. Because in obscenity cases we have placed no burden on the Commonwealth to present expert testimony concerning contemporary community standards, trial judges should grant defendants "the broadest scope in introducing expert testimony on obscenity." *Commonwealth* v. *United Books, Inc.*, 389 Mass. 888, 895 (1983). In this case, however, any error in the exclusion of the redundant answer to the repetitive question was not prejudicial.

2. The claim of selective enforcement of the law fails for substantially the same reason that it did in *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1)*, *ante* at 198. Although here there was a hearing on the motion to dismiss, in each case the only factual support for the motion was newspaper clippings. The defendant made no showing that other violators in Suffolk County had not been prosecuted. See *Commonwealth* v. *Franklin Fruit Co.*, 388 Mass. 228, 232-233 (1983); *Commonwealth* v. *King*, 374 Mass. 5, 18-19 (1977).

3. The defendant's attacks on the constitutionality of G. L. c. 272, §§ 29 and 31 (1984 ed.), have been answered in our opinions in *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1)*, 389 Mass. 902, 904-906 (1983), *Commonwealth* v. *United Books, Inc.*, 389 Mass. 888, 891-894 (1983), and *Commonwealth* v. *Trainor*, 374 Mass. 796, 798-799 (1978). We need not discuss the points further at this time because we adhere to our previous views.

4. The affidavit in support of the search warrant sufficiently described the motion picture to justify a finding of probable cause. The Appeals Court properly rejected a similar argument in the companion case, 19 Mass. App. Ct. at 580-581. See

*Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1),* 389 Mass. at 906-907.

The defendant also claims that the police officers who viewed the film and prepared the application for the search warrant wrongfully entered the theater without the defendant's consent and, therefore, that the evidence seized pursuant to the warrant must be suppressed. The record does not support the claim. "[T]he evidence introduced at the suppression hearing would not have warranted a conclusion that the [officers'] observations set forth in the [affidavit] supporting the search [warrant] were unlawfully made." *Commonwealth* v. *D'Onofrio,* 396 Mass. 711, 714 (1986).

5. The Appeals Court has properly dealt with a challenge to an instruction that the jury must apply community standards of "today." See *Commonwealth* v. *Dane Entertainment Servs., Inc.,* 19 Mass. App. Ct. at 581. The answer in this case is substantially the same: in the absence of any showing that community standards had changed adversely to the defendant between the time of the allegedly unlawful possession and the time of trial, a period in this case of approximately three years, there could have been no prejudicial error. We add that our opinion in *Commonwealth* v. *707 Main Corp.,* 371 Mass. 374, 384 (1976), did not hold that community standards at the time the case was tried should be applied. The opinion speaks generally about the use of contemporary standards and does not prescribe the content of specific jury instructions. In defining "patently offensive" in this case, the judge followed the Model Jury Instructions for Criminal Offenders of the District Court Department which advise the jury to use "the attitudes and standards of an average citizen of this county today" (emphasis supplied). Instruction 5.64 (revised December, 1983).[1] Although it may be easier to charge the jury to use their current view of what is obscene, the determination should properly be

---

[1] The judge, without objection from the defendant, referred to an average citizen of Massachusetts. The definition of "obscene" in G. L. c. 272, § 31, was amended in 1982, as the model instructions reflect, to refer to the standards of the county where the offense was allegedly committed rather than, as before, to the standards of the Commonwealth. St. 1982, c. 603, § 7.

made as of the time of dissemination or possession of the allegedly obscene matter. The defendant did not object to the charge. The point now raised had no likely bearing on the jury's conclusion and cannot properly be the basis for reversal of the conviction.

*Judgment affirmed.*


LIACOS, J. (dissenting). I believe that G. L. c. 272, § 29, is invalid on its face in that it violates art. 16 of the Declaration of Rights. See *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1), ante* 197, 199 (1986) (Liacos, J., concurring in part and dissenting in part); *Commonwealth* v. *Zone Book, Inc,* 372 Mass. 366, 373 (1977) (Liacos, J., concurring); *Commonwealth* v. *Trainor,* 374 Mass. 796, 807 (1978) (Abrams and Liacos, JJ., dissenting). I would reverse the conviction and order entry of judgment of acquittal for the defendant.


ABRAMS, J. (dissenting). I agree with the court that our obscenity statute, G. L. c. 272, §§ 28C-31, meets Federal constitutional standards. *Ante* 201, at 203 (1986). See *Commonwealth* v. *Trainor,* 374 Mass. 796, 807 (1978) (Abrams and Liacos, JJ., dissenting). However, "I would hold that under art. 16 obscenity is speech subject to reasonable restrictions protecting unwilling viewers, captive audiences, minors, and possibly the neighborhood" (footnotes omitted). *Id.* at 808. I believe that the efforts of the judicial system should be directed "to those instances in which there is an assault on the public, rather than to the nearly impossible task of enforcing laws against the dissemination of obscene material to consenting adults." *Commonwealth* v. *Trainor, supra* at 811. Because there is no evidence that the defendant thrust its material on unwilling viewers or disseminated it to minors, I would order a judgment of acquittal. See *id.* at 807-811.